[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In August 1997, plaintiff-appellee Emily Schroeder filed suit against defendant-appellant Scott Re, alleging that she had been injured in an automobile accident caused by his negligence. Re was represented by an attorney provided by his insurance carrier, Allstate. Liability was not contested.
During pretrial discovery, appellee produced documentation of medical expenses totaling $15,700 and demanded $95,000 for settlement of the case. Appellant responded with a settlement offer of $26,000. The trial court informed the parties that it believed a fair settlement for the case was within the range of $45,000 to $60,000. Appellant did not raise his offer, but indicated that he might do so if an independent medical examination confirmed appellee's injuries. Following the release of the report from the independent medical examination, which was favorable to appellee, appellant raised his offer by only $6,000 to $32,000. Appellee responded by reducing her demand to $55,000. Appellant refused the demand and indicated that he would no longer negotiate. Accordingly, the matter went to trial, where the jury rendered a verdict for appellee in the amount of $60,000. Thereafter, appellee moved the trial court for an award of prejudgment interest pursuant to R.C. 1343.03(C). Following a hearing, the trial court granted the motion, awarding appellee $12,430.
In the sole assignment of error raised in this appeal, appellant challenges the trial court's award of prejudgment interest.[1] A trial court has the authority to grant pre-judgment interest under R.C. 1343.03(C) if it finds, among other things, that the defendant failed to make a good-faith effort to settle. Here, the trial court made such a finding. Absent an abuse of discretion, we will not disturb that determination, or the trial court's award of prejudgment interest.[2] Having reviewed the record, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in concluding that appellant had failed to make a good-faith effort to settle. Accordingly, we affirm the judgment below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] Moskovitz v. Mt. Sinai Medical Center (1994), 69 Ohio St.3d 638, 635 N.E.2d 331.
[2] Moskovitz, supra.